UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LASSERE                                             CIVIL ACTION

VERSUS                                              NO. 26-303

SPECIALIZED LOAN SERVICING                          SECTION "L" (3)
LLC ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff Norvel Joseph Lassere Jr.'s Motion for Expedited Discovery (R. Doc. 25). Plaintiff, proceeding *pro se*, requests that Defendants be ordered to produce documents relative to the foreclosure of Plaintiff's property within 14 days.[1] The motion is denied for the following reasons.

Federal Rule of Civil Procedure 26(d)(1) permits discovery before a Rule 26(f) conference only when authorized by court order. "The burden of showing good cause is on the party seeking expedited discovery." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). Relevant factors include the "breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests and how far in advance of the typical discovery process the request was made." *Id.* at 240 n.4. Ultimately, courts must balance the need for expedited discovery against the prejudice to the opposing party. *See id.* at 239–40.

---

[1] R. Docs. 25, 1-1 at 5.

1

The relevant factors weigh heavily against permitting expedited discovery. The District Court recently "expressed concern that Mr. Lassere represents a Trust *pro se*, as case law has consistently held that trusts may not be represented *pro se*, by a nonattorney trustee." R. Doc. 18 at 2 (citing *Dillard Fam. Trust v. Chase Home Fin., LLC*, No. 11-1740, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) ("In an Article III court, a non-attorney trustee may not represent a trust *pro se*.")). Plaintiff has not obtained counsel since the issuance of the District Court's order. It is unclear whether Plaintiff has standing to prosecute this action or propound discovery. At this stage, Defendants could be prejudiced by an order expediting discovery. Moreover, no scheduling conference has been set and there is a pending motion to dismiss.[2] And while Plaintiff's motion argues that the requested discovery is relevant, it does not address why discovery should be expedited. Thus, Plaintiff's motion fails to establish good cause for expedited discovery.

Accordingly,

**IT IS ORDERED** that the Motion (R. Doc. 25) is **DENIED.**

New Orleans, Louisiana, this 23rd day of March, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[2] R. Doc. 23.

2